# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES A. MOLLET,**
    Plaintiff,

v.                              Case No. 16-C-1145

**CITY OF GREENFIELD (FIRE DEPARTMENT),**
    Defendant.

---

## DECISION AND ORDER

James Mollet has filed a complaint alleging that the City of Greenfield retaliated against him for opposing discrimination in the workplace, in violation of Title VII of the Civil Rights Act of 1964, and also discriminated against him because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"). Before me now is the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

The plaintiff's complaint alleges the following. Between March 6, 1995 and March 23, 2013, the plaintiff was employed as a firefighter/paramedic with the City of

Greenfield Fire Department. At the time of the events giving rise to this suit, the plaintiff's title was Battalion Chief.

On February 9, 2012, the plaintiff told his superiors, Chief John Cohn and Assistant Chief George Weber, that there had been an incident at the fire station during which a Latino firefighter, Cesar Hernandez, was harassed based on his ethnicity. The incident was that someone had put up posters around the fire station depicting a picture of the Mexican flag with the words "Border Control" written on it. When the plaintiff brought this incident to Cohn's and Weber's attention, Weber told the plaintiff to investigate the matter, which he did. After conducting the investigation, the plaintiff reported to Cohn and Weber that another Battalion Chief, Shawn Hammernik, was aware of the incident and had a picture on his telephone of one of the offensive posters.

The plaintiff alleges that, after he submitted his report on the incident, Cohn and Weber began to treat him negatively. Among other things, they "criticiz[ed] [his] communication skills, especially as those skills relate to texting." Compl. ¶ 17. They also removed him from certain roles in the department, including training and mentoring

roles. They also repeatedly told him that his job was in jeopardy. Eventually, the plaintiff complained about Cohn's and Weber's actions to the City's Human Resources Director. He also complained to Human Resources about the incident involving the Mexican flag and the harassment of Hernandez. *Id.* ¶ 21. Cohn eventually learned that the plaintiff had complained to Human Resources. *Id.* ¶ 33. At some point after learning about his meeting with Human Resources, Cohn told the plaintiff that he must either "change or 'get off the bus.'" *Id.* ¶ 34. Cohn also told the plaintiff that he did not trust him anymore, and that he was going to either demote or discharge him. At this point, the plaintiff began to look for new employment.

On February 19, 2013, the plaintiff informed Weber that he had a job offer from another fire department that was conditioned on his passing physical and psychological examinations. The plaintiff told Weber that if he passed these exams, he would resign from the Greenfield Fire Department. He did not, however, tender his resignation at that time. A few days later, Cohn wrote the plaintiff a letter purporting to "accept" his resignation and informing him that his last day of employment would be February 24,

3

2013. After the plaintiff informed Cohn that he had not actually tendered his resignation, Cohn stated that, nonetheless, the plaintiff's last day of employment with the department would be February 24th. However, Cohn eventually rescinded the discharge and placed the plaintiff on paid leave pending the outcome of the conditional offer of employment. Thereafter, Cohn and Weber contacted the plaintiff several times and told him that if he decided to continue his employment with the department he would be demoted or discharged.

By March 2013, the plaintiff had obtained a position with another fire department and resigned from the Greenfield Fire Department. He alleges that his new position paid a lower salary and came with fewer benefits.

The plaintiff's complaint alleges that Cohn's and Weber's actions, which eventually resulted in his constructive discharge, constitute retaliation for the plaintiff's opposing discrimination in the workplace, in violation of Title VII. Compl. ¶ 45. The complaint also alleges that Cohn's and Weber's actions constitute age discrimination, in violation of the ADEA. However, in response to the defendant's motion to dismiss, the

plaintiff withdrew his claim of age discrimination.[1]  Thus, the only question is whether the complaint states a claim for retaliation under Title VII.

## II. DISCUSSION

To plead a retaliation claim under Title VII, a plaintiff must allege that he engaged in statutorily protected activity and was subjected to an adverse employment action as a result of that activity.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013).  The plaintiff must also "provide some specific description of [the protected] conduct beyond the mere fact that it is protected."  *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007).

In the present case, the plaintiff has sufficiently pleaded a claim for retaliation.  First, the complaint describes the protected activity.  Specifically, the complaint alleges

---

[1] The plaintiff asks that I dismiss the age-discrimination claim without prejudice to his amending his complaint to renew the claim after discovery has begun, in the event that he discovers information indicating that the defendant's actions were motivated by his age.  The defendant contends that the dismissal of the age-discrimination claim should be with prejudice.  However, at this point, I need not specify whether the dismissal is with or without prejudice.  Rather, I will simply dismiss the claim based on the plaintiff's request that I do so.  If I eventually dismiss this entire suit on the merits, then the age-discrimination claim will be within the preclusive effect of the final judgment.  However, so long as this case is pending, the plaintiff may file a motion to amend his complaint under Federal Rule of Civil Procedure 15 to add a claim of age discrimination.  I will determine whether the plaintiff may amend the complaint if and when he files such a motion.

5

that the plaintiff "reported" to his superiors, Cohn and Weber, that a Latino firefighter was subjected to harassment on the basis of his ethnicity when posters depicting a Mexican flag with the words "Border Control" written on it were hung in the fire station. The plaintiff also reported that another Battalion Chief had photos of the poster on his phone. The defendant seems to contend that the complaint does not allege that the plaintiff's report qualified as a "complaint" about discrimination in the workplace or "opposing discrimination in the workplace." It is true that the complaint does not use these exact phrases but instead alleges only that the plaintiff "reported" the harassment to his supervisors. However, why would the plaintiff's report not qualify as a complaint or as opposition to discrimination in the workplace? The only reason to report the incident would be to prevent it from occurring again. Thus, a reasonable inference to draw from the complaint is that the plaintiff's report was a complaint about the flag incident and the other Battalion Chief's invovlement.

The complaint also sufficiently alleges that the plaintiff was subjected to an adverse employment action because of his complaint about the flag incident.

Specifically, the complaint alleges that soon after he made his report about the incident and the other Battalion Chief's involvement, his supervisors began to treat him negatively by, for example, criticizing his communication skills and removing him from training and mentoring roles. The complaint alleges that this negative conduct escalated to the point where Cohn threatened to demote or discharge the plaintiff if he did not leave the department. The complaint also alleges that because of these threats, the plaintiff resigned from the department to take a job elsewhere and thus was constructively discharged.

The defendant points out that the plaintiff has not specifically alleged that Cohn and Weber's negative treatment of him was caused by his report about the flag incident and the other Battalion Chief's involvement. However, a causal relationship is clearly implied by the complaint, in that the complaint alleges that this negative treatment began immediately after the plaintiff made his report. Moreover, the plaintiff specifically alleges that he is suing the defendant for retaliation. What else could the alleged retaliation be for than the plaintiff's complaint about the flag incident and the other

Battalion Chief's involvement? In short, the defendants have all of the information they need to begin to investigate the plaintiff's claim and prepare a defense. They know what the alleged protected activity is (the plaintiff's report about the flag incident and the Battalion Chief's involvement) the identities of the alleged retaliators (Cohn and Weber) and what the adverse employment action consisted of (Cohn and Weber's negative treatment of the plaintiff and his eventual constructive discharge). *See Luevano*, 722 F.3d at 1028 (stating that the complaint merely needs to give the defendant sufficient notice to enable it to begin to investigate and prepare a defense).

The defendant also contends that the plaintiff's allegations do not give rise to a plausible claim of retaliation. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). I disagree. The plaintiff alleges that his superiors began to criticize his actions and threaten to demote or discharge him soon after he reported the flag incident and the Battalion Chief's involvement, which raises a plausible inference that the reason for his superiors' actions was to retaliate against him because of his report. *See, e.g., Diadenko v. Folino*, 741 F.3d 751, 756 (7th Cir. 2013)

(explaining that adverse actions that follow close on the heels of protected activity can give rise to an inference of retaliation). This is enough to "present a story that holds together," which is all that the plaintiff needs to do to plead a plausible claim of employment discrimination. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The plaintiff does not need to present evidence to support his claims or to allege facts that satisfy the *McDonnell-Douglas* burden-shifting framework. *Luevano*, 722 F.3d at 1028. Accordingly, the plaintiff has stated a claim for retaliation under Title VII.

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss the complaint is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to the plaintiff's request, his claim of age discrimination is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2017.

    s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

9